UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re: Computer Methods Corporation

Debtor.
_____/

Case No. 05-41998
Chapter 11
Hon. Marci B. McIvor

## OPINION REGARDING FIRST AND FINAL APPLICATION OF SCHAFER AND WEINER FOR FEES AND REIMBURSEMENT OF EXPENSES

This matter comes before the Court on the First and Final Application of Schafer and Weiner for Fees and Costs. An objection was filed by creditor, Daniel Manville. For the reasons stated in this Opinion, the Court awards Debtor's Counsel total fees of $140,232.25, costs of $11,546.31 for a total award of $151,778.56.

A. Standard for Calculating Fees

In the Sixth Circuit, the lodestar method is used for calculating fees. *In re Boddy*, 950 F.2d 334, 337 (6th Cir. 1991). The lodestar amount is calculated by multiplying the attorney's reasonable hourly rate by the number of hours reasonably expended. *Id.* at 337. Bankruptcy Code § 330(a) codifies the criteria for evaluating fee requests. Section 330(a) states, in part:

> (1) After notice to the parties in interest and the United States Trustee and a hearing, and subject to sections 326, 328, and 329, the court may award to a trustee, an examiner, a professional person employed under section 327 or 1103 --
>
> > (A) reasonable compensation for actual, necessary services rendered by the trustee, examiner, professional person, or attorney and by any para-professional personal employed by any such person; and
> >
> > (B) reimbursement for actual, necessary expenses.
>
> (2) The court may, on its own motion or on the motion of the United States Trustee, the United States Trustee for the District or Region, the trustee for the estate, or any other party in interest, award compensation that is less

than the amount of compensation that is requested.

(3) In determining the amount of reasonable compensation to be awarded, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant facts, including

    (A) the time spent on such services;

    (B) the rates charged for such services;

    (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;

    (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue or task addressed; and

    (E) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

(4)(A) Except as provided in subparagraph (B), the court shall not allow compensation for --

    (i) unnecessary duplication of services; or

    (ii) services that were not --

        (I) reasonably likely to benefit the debtor's estate; or

        (II) necessary to the administration of the case.

\* \* \*

Pursuant to § 330(a)(2) and case law, a court has the duty to review all fee applications, regardless of whether an objection has been filed, in order to protect the assets of the estate for the benefit of the creditors. *In re Bush*, 131 B.R. 364, 365 (Bankr. W.D. Mich. 1991). It is particularly important for courts to evaluate fee applications where there is no incentive for the debtor to limit attorney fees. *In re Copeland*, 154 B.R. 693, 697 (Bankr. W.D. Mich. 1993).

2

Further, the burden of proof is upon the applicant to justify the requested fees. *In re Hamilton Hardware Co., Inc.*, 11 B.R. 326 (Bankr. E.D. Mich. 1981); *Zolfo, Cooper & Co. v. Sunbeam-Oster Company, Inc.*, 50 F.3d 253, 261 (3d Cir. 1995)(In evaluating fee applications, "[t]he fee applicant has the burden of proving it has earned the fees it requests, and that the fees are reasonable.") "The Court ' will not indulge in extensive labor and guesswork to justify a fee for an attorney who has not done so himself." *In re Woodward East Project, Inc.*, 195 B.R. 372, 375 (Bankr. E.D. Mich. 1996).

Compensable Work Must Provide Benefit to the Estate

In order to be compensated for work performed, the fee applicant must show that the services performed were "reasonably likely to benefit the debtor's estate." 11 U.S.C. § 330(a)(4)(A)(ii)(I). While § 330 requires a determination that the services were "reasonably likely to benefit the estate", there is no requirement that the services at issue resulted in an actual benefit to the estate. 2 Lawrence P. King, *Collier on Bankruptcy*, § 330.04[5][c](15th ed. 2003). "[T]he Court must judge the nature of the services and the necessity for them as of the time the work was performed." *In re James Contracting Group, Inc.*, 120 B.R. 868, 872 (Bankr. N.D. Ohio 1990). A bankruptcy attorney should not be penalized solely for the lack of success of a Chapter 11 reorganization. *Id.* at 872-3. Instead, the Court should evaluate the services provided based on whether counsel exercised its best judgment in performing those services. *Id.* Specifically, the *James Contracting* court sets forth the following standard:

> . . . counsel who undertake to represent debtors cannot be required to predict the ultimate outcome of a Chapter 11 reorganization. Indeed, whether they are to be compensated cannot be based upon the success of the reorganization. Such a test would require debtor's counsel to also

3

be debtor's guarantors. . . The performance of debtor's counsel must always be judged after the fact. Nevertheless, the Court must judge the nature of the services and the necessity for them as of the time the work was performed. The test for rendering such a decision is whether counsel exercised their best judgment in performing the services.

*Id.* at 872-873 (*citing In re Garrison Liquors, Inc.* 108 B.R. 561, 564 (Bankr. D. Md. 1989).

With respect to whether the attorneys at Schafer & Weiner exercised their best judgment in performing the services at the time the work was performed, the Court finds that for the most part, the services performed were necessary to the administration of Debtor's estate. However, some of the services appear to have been billed twice, some services clearly conferred no benefit to the estate, and some fees billed for intra-office conferences are not justified in light of the experience of the lawyers involved in this case.

1. Duplication of Effort

Bankruptcy Code § 330(a)(4)(A)(i) specifically disallows compensation for the unnecessary duplication of services. In this case, the Court takes issue with the following time entries:

> Services billed under "case administration" by Howard Borin on January 21, 2005 for traveling and attendance at shareholder meeting authorizing Chapter 11 filing, and services billed by Michael Baum for the exact same services on January 24, 2005 are at best, duplicative, and at worst, inaccurate. The services of Michael Baum on January 24, 2005 (2.5 hours at $350 per hour or $875.00) are non-compensable.

> Services billed under "case administration" on February 10, 2005 by Howard Borin appear to have billed twice. The last time entry on that date is non-compensable. (.2 hours at $255 per hour or $51.00).

> Services billed by "LA" under "case administration" on March 1, 2005 are duplicative. One time entry is non-compensable (.4 hours at $90 per hour or $36.00).

4

Services billed by MB and HB under "case administration" on March 11, 2005 are duplicative. The second entry is non-compensable (.5 hours at $350 per hour or $175.00).

Services billed on May 3, 2005 under "case administration" by MB and HB for "conference with potential purchaser should not be billed by two attorneys. Fees in the amount of $459.00 (1.8 hours at $255.00 per hour) are non-compensable.

In total, $1,596 in fees are denied as duplicative.

2. <u>Excessive Number of and Unnecessary Use of Intra-Office Converences without Sufficient Justification</u>

Schafer and Weiner billed the bankruptcy estate for an excessive number of intra-office conferences. Courts have reduced fees for the excessive use of intra-office conferences. *In re Leonard Jed Co.*, 118 B.R. 339, 347 (Bankr. D. Md. 1990)("excessive use of office conferences and unnecessary duplication of effort will result in reduction of fees when they are unreasonable. . . .")

Given the experience and billing rate of the attorneys, the Court finds that Schafer and Weiner should not bill the estate for some of the "strategizing" with other lawyers in the firm. Fees billed under "case administration" are non-compensable for entries on the following dates:

January 24, 2005 (conference between MN and HB, .2 hours at $310 per hour or $62.00).

February 5, 20005 (conference between MW and HB, .6 hours at $255 per hour or $153.00).

May 3, 2005 (conference between MB and Howard Borin, .5 hours at $350 per hour or $175.00).

Services billed under "claims"on June 28, 2005 (conference between HB and MN, .6 hours at $255 per hour or $153.00).

August 22, 2005 (conference between KH and HB, .3 hours at $130 per hour of $39.00).

5

April 19, 2005 (services billed under "professional services" HB and MB, .4 hours at $255 per hour or $102.00).

Fees for intra-office conferences are non-compensable in the total amount of $684.00.

3. <u>Services Which Conferred No Benefit to the Estate</u>

The Court finds that most of the time billed for adversary proceedings (case numbers 05-04169, 05-04181, and 05-04182) is non-compensable. The Court is allowing nine hours of compensable time for analysis of the pending state court actions and for initial removal of the state cases to federal court. However, it should have been clear early on in the bankruptcy that most of the claims could and should be litigated in state court and that any continued litigation in bankruptcy court would confer no benefit to the estate.

The Court finds that services in a total amount of 20.8 hours at $255 per hour or $5,304.00 are non-compensable.

## Conclusion

The Court grants the fee application of Schafer and Weiner in the amount of $140,232.25 and costs in the amount of $ 11,546.31 for a total award of $151,778.56.

Marci B. McIvor
United States Bankruptcy Judge

Dated: SEP 2 2 2005
Detroit, Michigan

cc: Howard Borin
Paula Johnson-Bacon

6